Ashley Nuñez, Esq.
Sethi & Mazaheri, LLC.
344 Grove Street, #111
Jersey City, NJ 07302
Telephone: (646) 405-9846
Fax: (201) 595-0957

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMR HASSAN ELMALLAH,**<br>255 NW 39th Street<br>Miami, FL 33127<br><br>Plaintiff,<br><br>v.<br><br>**JAMES R. MCHENRY III,** *in his official capacity as Acting Attorney General of the United States*, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001<br><br>**KRISTI NOEM,** *in her official capacity as Secretary, U.S. Department of Homeland Security*; 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485<br><br>**JENNIFER B. HIGGINS,** *in her official capacity as Acting Director, U.S. Citizenship and Immigration Services*; 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485<br><br>**EILEEN LOPEZ-TOME**, *in her official capacity as Director, Miami Field Office, U.S. Citizenship and Immigration Services*; 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485<br><br>Defendants. | **CIVIL ACTION NO.**<br><br><br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

# PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## INTRODUCTION

COMES NOW, Amr Hassan Elmallah ("Elmallah"), Plaintiff by and through undersigned attorney in the above case and states as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff Elmallah's Form N-400, Application for Naturalization, ("Application") within a reasonable period of time. The Plaintiff has a clear right to adjudication of his Application in a timely manner. The adjudication of an N-400 application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2. Plaintiff applied for the United States citizenship on January 10, 2024, after having held lawful permanent resident status for the required 3 years. On July 10, 2024, Plaintiff appeared for his naturalization interview. Defendants have sufficient information to determine Plaintiff's eligibility for naturalization pursuant to applicable requirements. Notwithstanding, Defendants have unreasonably delayed and refused to adjudicate Plaintiff's application for naturalization, thereby depriving Plaintiff of his right to a decision on his immigration status.

3. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

## PARTIES

4. Plaintiff, Amr Hassan Elmallah, is a resident of Miami, Florida and

applied for United States citizenship via Form N-400, Application for Naturalization, [Receipt Number: IOE0923865523], which was properly filed with USCIS on January 10, 2024.

5.  Defendant Merrick Garland is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

6.  Defendant Kristi Noem is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant Noem is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and United States Citizenship and Immigration Services (hereinafter "USCIS") pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

7.  Defendant Susan B. Higgins is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity. Defendant Higgins has failed to adequately supervise the USCIS's National Benefits Center to timely adjudicate the Application.

8.  Defendant Eileen Lopez-Tome is the Director of the USCIS Miami Field Office and is generally entrusted with the overall supervision, management and operation of that Office pursuant to 8 C.F.R. § 100.2. This action is filed against her in her official capacity. Defendant Lopez-Tome has failed to adequately supervise the Miami Field Office and timely adjudicate Plaintiff's N-400 Application.

## JURISDICTION AND VENUE

9. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

10. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that the Defendants are officers of U.S. agencies and this is the district in which the majority of the Defendants reside.

## STATEMENT OF FACTS

11. Plaintiff, a productive member of his community and spouse of a United Citizen has lived most of his adult life in the United States.

12. On January 10, 2024, Plaintiff filed an N-400 application [Receipt Number: IOE0923865523] for naturalization after having maintained his lawful permanent resident status for at least 3 years as required by regulation for applicants who obtain their permanent residency through marriage to a United States Citizen.

13. On July 10, 2024, Plaintiff appeared for a naturalization interview at the Miami Field Office and successfully completed the English and Civic Exam tests. At that time, Plaintiff was informed that a decision would be made in no later than 120

days, as required by law.

14. To date, Plaintiff's Application remains unadjudicated.

## **EXHAUSTION OF REMEDIES**

15. Plaintiff has supplied USCIS with documents that establish eligibility for the filed Application.

16. Plaintiff has contacted USCIS to inquire about the status of his Application and has repeatedly requested the Defendants make a final decision on the Application for Naturalization.

17. Plaintiff has exhausted his administrative remedies. There are no further administrative remedies available for the Plaintiff to utilize.

## **CAUSE OF ACTION**

18. On January 10, 2024, Plaintiff properly filed his N-400 Application for Naturalization with USCIS, based on the maintenance of his lawful permanent resident status.

19. On July, Plaintiff was interviewed and examined by representatives of the Defendants, pursuant to Section 335 of the Immigration and Nationality Act; 8 USC § 1446.

20. At this time, the N-400 Application remains unadjudicated. Thus, Defendants have failed in their statutory duty to adjudicate the Application and to issue a decision on the Plaintiff's application for naturalization before the end of 120 days from his examination pursuant to 8 USC § 1447(b).

21. Defendants have violated the Administrative Procedures Act, 5 U.S.C. §

701 et seq., as they are unlawfully withholding action on the Application and have failed to carry out the adjudicative functions delegated to them bylaw with regard to Plaintiff's case.

22. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of the Plaintiff's due process rights and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate the Application, thereby depriving the Plaintiff of the rights to which he is entitled.

23. Plaintiff is a hard-working and law-abiding member of the community. He resides in Miami, Florida with his U.S. citizen wife.

24. Plaintiff does is not a security risk, and Defendants have on multiple occasions conducted background checks on him. Plaintiff has been fingerprinted by DHS and USCIS on a number of occasions and has never been deemed a security threat to the U.S.

25. As a result of this delay, Plaintiff has been deprived of the rights and responsibilities that he is seeking as a naturalized citizen of the United States. Such consequences have had a profound effect on Plaintiff's well-being, career, and his desire to enjoy the same rights as other U.S. citizens.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a certain time to adjudicate Plaintiff's Form N-400, Application for Naturalization;

6

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate the Plaintiff's Application immediately;

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and further relief as this Court deems proper.

Date: February 4, 2025                                  Respectfully submitted,

                                                        **/S/ ASHLEY NUÑEZ**
                                                        _____

                                                        By: Ashley Nuñez, Esq.
                                                            Sethi and Mazaheri, LLC
                                                            344 Grove Street, #111
                                                            Jersey City, NJ 07302
                                                            Tel: (646) 405-9846
                                                            Fax: (201) 595-0957
                                                            Email: ashley@sethimaz.com